UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DULAZIA BURCHETTE,

              Plaintiff,

   -against-                08 Civ. 8786 (RMB)(THK)

                           **MEMORANDUM OPINION AND ORDER**

ABERCROMBIE & FITCH STORES, INC.,
et al.,

              Defendants.
------------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

This employment discrimination action was resolved when the District Court (Hon. Richard M. Berman, U.S.D.J.) granted Defendants' motion for summary judgment and dismissed Plaintiff's race discrimination, retaliation, and hostile work environment claims, brought under 42 U.S.C. § 1981.[1] See Burchette v. Abercrombie & Fitch Stores, Inc., No. 08 Civ. 8786 (RMB)(THK), 2010 WL 1948322 (S.D.N.Y. May 10, 2010). Judgment was entered on May 11, 2010.

On June 10, 2010, as the prevailing parties, Defendants filed a Bill of Costs with the Clerk of the Court. On June 24, 2010, the Clerk filed a Bill of Costs against Plaintiff in the sum of $2,734.97, and it was entered as a judgment on June 25, 2010. (See Docket Entry # 65.)

On July 1, 2010, Defendants filed a Motion for Taxation of

---

[1] The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims.

Costs, seeking certain costs that the Clerk had disallowed, and, on July 6, 2010, Plaintiff filed a Motion for Partial Review of the Clerk's Taxation of Costs, challenging certain costs that the Clerk had taxed. The District Court denied both motions without prejudice because the parties failed to comply with the Court's Individual Rules prior to filing their motions. (See Memorandum Endorsed Orders, dated July 6 and 15, 2010.) The parties were subsequently granted leave to refile their motions, they did so, and the motions were referred to this Court for decision.

In her motion, Plaintiff argues that: (1) she should be relieved of paying any costs because of her meager financial resources; and (2) the award of costs to Defendants for the transcript of a court conference was improper. Defendants, in turn, argue that: (1) Plaintiff's appeal of the award of costs and motion for review of the award of certain costs should be dismissed as untimely; (2) Plaintiff has failed to meet her burden of establishing financial hardship; (3) the Clerk properly taxed costs for obtaining the transcript of a court conference; and (4) the Clerk improperly declined to award Defendants the attorneys' fees and expenses they incurred in attending the deposition of Defendant Michael S. Jeffries, the CEO of Defendant Abercrombie and Fitch.

## DISCUSSION

I. <u>Should Plaintiff's Motion be Denied as Untimely?</u>

Defendants first argue that Plaintiff's motion for review of

the Clerk's taxation of costs should be denied because it is untimely.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that the clerk may tax costs on 14 days' notice, and that "[o]n motion served within the next 7 days, the court may review the clerk's action." Under Local Civil Rule 54.1 of this Court, "[a] party objecting to any cost item shall serve objections in writing prior to or at the time for taxation. . . . In the absence of written objections, any item listed may be taxed within the discretion of the clerk." Local Civil Rule 54.1(b) of the Southern District of New York.

Even though Plaintiff's counsel was on notice that a hearing on the taxation of costs would take place on June 24 (see Affirmation of Howard M. Wexler, dated Aug. 5, 2010 ("Wexler Aff."), Ex. C), in contravention of this Court's Local Rules, she failed to object to the Bill of Costs submitted by Defendants, either in writing or by attending the hearing. The Bill of Costs was taxed and filed by the Clerk on June 24, 2010, and was docketed as a judgment on the Judgment Docket on June 25, 2010.[2] Nevertheless, Defendants' counsel secured a copy of the Bill of Costs filed by the Clerk on June 24, and sent it to Plaintiff's counsel by express overnight delivery. It was delivered to Plaintiff's counsel's

---

[2] The Judgment was not entered on the ECF Docket until June 29, 2010.

office, and signed for, on the morning of June 25, 2010. (See Wexler Aff. Exs. B & C.)

Defendants now argue that whether the 7-day period for challenging the taxation of costs began to run from the date the Clerk taxed costs (June 24), or the date the Bill of Costs was entered as a judgment (June 25), which was also the date on which Plaintiff's counsel received notice of the taxation of costs, at the latest, Plaintiff had to file her motion for review by July 2, 2010. Yet, Plaintiff did not file her initial motion to review the Clerk's taxation of costs until July 6, 2010. It was, therefore, untimely, but merely by one day, as July 3 and 4 fell on a Saturday and Sunday, respectively, and July 5 was a legal holiday. See Fed. R. Civ. P. 6(a)(1)(C).

Relying on Fed. R. Civ. P. 6(d), Plaintiff responds that because the Bill of Costs was sent to her by Defendants' counsel by overnight mail, three days should be added to the time in which she had to act. That argument, however, is misplaced, as that rule only has relevance when a party "must act within a specified time after service," Fed. R. Civ. P. 6(d), and the 7-day period set forth in Rule 54(d)(1) is not triggered by service.

In fact, there is some disagreement among courts in this Circuit and elsewhere as to what triggers the 7-day period for filing a motion for review of a clerk's taxation of costs. The plain language of Rule 54(d)(1) indicates that the determinative

date is when the clerk taxes costs. See Fed. R. Civ. P. 54(d)(1)("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's actions."); see also Provenza v. St. Farm, Fire & Cas. Co., No. 06-7319 (CJB), 2009 WL 307720, at *4 (E.D. La. Feb. 6, 2009) (stating that count began on the day after the clerk taxed (and apparently entered) the bill of costs); Keesh v. Smith, No. 9:04-CV-0779 (NAM)(GJD), 2008 WL 2242622, at *1 n.2 (N.D.N.Y. May 29, 2008) ("The rule provides that the motion must be served (mailed) within five days of the clerk's action.");[3] Hickey v. City of New York, 241 F.R.D. 150, 152 (S.D.N.Y. 2006) ("Plaintiffs did not object to defendants' request to tax before or at the taxation on May 10, 2006, and plaintiffs did not move this Court for review of the Clerk's imposition of costs within five days of the Clerk's decision. Accordingly, plaintiffs have waived any objection to the bill of costs."); DeJesus v. Starr Tech. Risks Agency, Inc., No. 03 Civ. 1298 (RJH), 2005 WL 957389, at *1 (S.D.N.Y. Apr. 25, 2005) ("Rule 54(d)(1) says that any motion shall be filed within five days of taxation . . . ."); L&B 57th Street, Inc. v. E.M. Blanchard, Inc., No. 95 Civ. 3450 (HB), 1997 WL 403430, at *1 (S.D.N.Y. July 16, 1997) (finding that parties' motions for review must be filed within five days of the clerk's taxation of costs); Paoli R.R. Yard

---

[3] The previous version of Rule 54(d)(1) provided for 5 days to move for review of the taxation of costs.

PCB Litig., 221 F.3d 449, 458-59 (3d Cir. 2000) (rejecting local district court rule that relied on day of notice to trigger the period for review, and finding that the plain language of the rule requires the determinative date to be the date on which the clerk acts to tax costs (which also was the day on which the clerk entered an order taxing costs)).

Other courts view the date of entry on the docket of the order or judgment taxing costs as the triggering date. See Weisbart v. United States Dep't of Taxation, No. CV-97-6020 (CPS), 2001 WL 1782873, at *3 n.2 (E.D.N.Y. Nov. 13, 2001) ("While the Second Circuit has not decided whether the five-day period within which to move for review starts with the taxation of costs or entry of that action [on] the Court's docket, the parties agree that the latter date applies."); Ashker v. Sayre, No. 05-03759 (CW), 2010 WL 2991667, at *1 (N.D. Cal. July 29, 2010) ("[A]ny motion for review of the Clerk's taxation of costs must be filed within seven days of the entry of the Clerk's notice of taxation of costs."); cf. Morisseau v. DLA Piper, 255 F.R.D. 127, 128 (S.D.N.Y. 2008) (noting that the plaintiff did not move within five days of either the date on which the clerk taxed costs or the date on which the judgment thereon was entered). Still other courts have found the triggering date to be the date on which the parties were served with, or received notice of, the taxation of costs. See Eldaghar v. City of New York Dep't of Citywide Admin. Servs., 02 Civ. 9151(KMW), 2010

WL 1780950, at *2 (S.D.N.Y. May 4, 2010) ("The Clerk of the Court issued its Bill of Costs . . . on March 12, 2010. Plaintiff was served with a copy of the Judgment Clerk's Bill of Costs on March 16, 2010. Pursuant to Rule 54(d)(1), Plaintiff's motion for this Court to review the Judgment Clerk's action should have been submitted within seven days, or no later than March 23, 2010.").

In the instant case, if the Court were to apply the date on which the Clerk taxed costs (June 24), the date on which a Judgment taxing costs was docketed (June 25), or the date on which Plaintiff received notice of the taxation of costs (June 25), Plaintiff's motion would still have been untimely by one day.[4]

Nevertheless, "[t]he decision to award costs pursuant to Rule 54(d)(1) and Local Rule 54.1 rests within the sound discretion of the district court. . . ." Dattner v. Conagra Foods, Inc., 458 F.3d 98, 100 (2d Cir. 2006) (internal quotation marks omitted). Thus, it is widely recognized that the time limitations in Rule 54(d)(1) are not jurisdictional, and that courts have discretion to entertain untimely motions. See Paoli R.R. Yard, 221 F.3d at 459 ("Rule 54(d)(1)'s five-day limitation is not jurisdictional, and courts

---

[4]   The Court notes, however, that the docketing of the Judgment for the taxation of costs, on June 25, was not on the Court's public ECF docket. The Clerk maintains a separate, internal docket for the entry of judgments. Entry of the Clerk's Order on the ECF docket occurred on June 29. Under Local Civil Rule 6.2 of the Southern District of New York, the notation in the docket of a memorandum signed by the court of a decision, or of an oral decision, "shall constitute the entry of an order."

may, in their discretion, consider untimely objections."); Eldaghar, 2010 WL 1780950, at *2 ("The Court has discretionary authority to consider a late-filed motion for good cause."); Ashker, 2010 WL 2991667, at *1 ("Although a party may waive his right to move for review of costs by not filing the motion within the proper time limits, a court has discretion to review an untimely motion, notwithstanding the waiver."); Provenza, 2009 WL 307720, at *4 (hearing motion filed one day late, stating: "Although the plaintiff's motion was not filed timely, the Court has discretion to consider the merits of the motion."); cf. Howell v. NYC Leadership Academy, Inc., No. 05 Civ. 8233 (JGK), 2008 WL 5336891, at *3 (S.D.N.Y. Dec. 20, 2008) (concluding that court will exercise its discretion and decide fully briefed motion for costs, notwithstanding the moving party's noncompliance with procedural requirements of Local Civil Rule 54.1).

Here, Plaintiff's counsel states that she was out of her office from June 14 through June 30, and that she submitted her motion promptly after the July 4 holiday weekend. (See Plaintiff's Memorandum of Law in Support of Her Appeal and Request for Review of Certain Costs, dated July 23, 2010 ("Pl.'s Mem."), at 2.) While, standing alone, this does not constitute "good cause" for the failure to meet a deadline, in light of the fact that Plaintiff's motion was only one day late, the Court will exercise its discretion and consider the merits of the motion.

II. <u>Plaintiff's Economic Situation</u>

Plaintiff argues that she is a person of very modest means, employed on a part-time basis and earning hourly wages at only a few dollars above the minimum wage. In light of the wide disparity in the economic situations of the parties, she requests that she be relieved of paying any costs. (<u>See</u> Pl.'s Mem. at 13-15; Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion, dated Aug. 20, 2010 ("Pl.'s Reply"), at 1-2; Affidavit of Dulazia Burchette, dated July 16, 2010.)

Rule 54(d) states that "[u]nless a federal statute, these rules, or a court order provide otherwise, costs — other than attorneys' fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Because there is a presumption that costs will be awarded to the prevailing party, the losing party bears the burden of convincing a court to exercise its discretion to vacate the Clerk's award of costs. <u>See</u> <u>Karmel v. City of New York</u>, No. 00 Civ. 9063 (KMK), 2008 WL 216929, at *2 (S.D.N.Y. Jan. 9, 2008). Among the equitable factors a court may consider in exercising its discretion are the plaintiff's indigence and financial hardship. <u>See</u> <u>Eldaghar</u>, 2010 WL 1780950, at *1; <u>Karmel</u>, 2008 WL 216929, at *2; <u>Commer v. McEntee</u>, No. 00 Civ. 7913 (RWS), 2007 WL 2327065, at *3 (S.D.N.Y. Aug. 13, 2007). However, "indigency <u>per se</u> does not preclude an award of costs against an unsuccessful litigant." <u>Whitfield v. Scully</u>, 241 F.3d 264, 273 (2d Cir. 2001); <u>accord</u>

Hickey, 241 F.R.D. at 154 ("While indigency may exempt a party from the payment of costs in some circumstances, indigency does not render a party immune from the general obligation to pay.") (internal citations omitted).

The Court does not view Plaintiff's financial situation as a sufficient basis on which to deny Defendants all costs. Plaintiff did not file this action in forma pauperis, and was represented by counsel throughout all proceedings. Although Plaintiff is a person of modest means, she is not indigent. She lives with her mother and, thus, her living expenses are not substantial.

The pretrial discovery in this action was extensive and, no doubt, expensive. In the end, the District Court concluded that Plaintiff had failed to adduce any competent evidence to support any aspect of her federal claims of discrimination and retaliation. Moreover, the Court has already determined that it will exercise its equitable discretion to consider Plaintiff's untimely objections to the taxation of costs.

Under these circumstances, while the Court will take into consideration Plaintiff's modest financial circumstances, it will not deny Defendants recovery of all of their costs. See, e.g., Karmel, 2008 WL 216929, at *2-3 (taking into consideration the financial disparity between the parties, but not precluding costs against a plaintiff living on a pension and disability benefits); Pierre v. City of New York, No. 05 Civ. 5018 (JFB)(KAM), 2008 WL

1700441, at *4 (E.D.N.Y. Apr. 9, 2008) (declining to deny all costs to defendants where plaintiffs did not assert actual indigency, had retained two attorneys to represent them in the action, and simply argued that they could not afford the costs; noting, however, that even if plaintiffs were indigent, it would not warrant denying all costs); Miller v. City of New York, No. 99 Civ. 4431 (JG), 2007 WL 188664, at *2 (E.D.N.Y. Jan. 23, 2007) (finding that plaintiff who was unemployed, receiving disability benefits, and had children to support, did not meet his burden of showing that the equities warranted a wholesale denial of costs); Hickey, 241 F.R.D. at 153-54 (concluding that, where plaintiffs did not even assert actual indigency, had retained two attorneys to represent them, and merely asserted that they could not afford to pay costs, there would be no denial of costs).

III. Plaintiff's Objections to Taxation of Specific Costs

Although Defendants submitted a Bill of Costs in the amount of $10,694.33, the Clerk taxed costs in the amount of only $2,734.97. The costs awarded to Defendants include service fees of $75.00; the fee for a transcript of a court proceeding, in the amount of $512.82; and the cost of a transcript of Plaintiff's deposition, in the amount of $2,147.15. The Clerk disallowed counsel's fees for attending the deposition of Defendant Michael S. Jeffries, in the amount of $6,840.00, and the expenses incurred in attending Mr. Jeffries' deposition, in the amount of $1,119.36.

Plaintiff first objects to the award of costs for the transcript of a pretrial proceeding. She contends that these costs are not authorized by the Court's Local Rules.

28 U.S.C. § 1920 delineates the costs that may be awarded to a prevailing party in federal litigation. See Whitfield, 241 F.3d at 269-70. That provision specifically authorizes the taxation of costs for, among other things, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Defendants contend that it was necessary to secure the transcript of a pretrial discovery conference before this Court, as the Court issued a number of oral rulings at the conference, relating to the scheduling of depositions, the discoverability of medical records, and other discovery requests issued by Defendants. Plaintiff correctly responds that, under Local Civil Rule 54.1(c)(1), "[t]he cost of a transcript of court proceedings prior to or subsequent to trial is taxable only when authorized in advance or ordered by the court." Local Civil Rule 54.1(c)(1) of the Southern District of New York.

In the instant case, Defendants did not seek or obtain advance approval for the cost of securing the transcript, nor was there a Court order directing that the transcript be obtained. Accordingly, the Clerk was in error in awarding costs for the pretrial conference transcript. See India.com, Inc. v. Dalal, No. 02 Civ. 0111(DLC), 2010 WL 2758567, at *5 (S.D.N.Y. July 13, 2010) ("The Clerk erred,

however, in allowing $492.00 for the costs of transcripts of . . . 'post-trial proceedings.' [Defendant] has not shown that the transcript costs for post-trial proceedings were authorized in advance or ordered by the Court."); Sovereign Partners Ltd. P'ship v. Rest. Teams Int'l, Inc., No. 99 Civ. 0564 (RJW), 2001 WL 30665, at *2 (S.D.N.Y. Jan. 12, 2001) (finding cost of transcript of pretrial conference is not a taxable cost because it was not authorized in advance or ordered by the court); cf. Karmel, 2008 WL 216929, at *4 (allowing cost of transcript of pretrial conference where magistrate judge ordered the parties to purchase it); Carbonell v. Acrish, 154 F. Supp. 2d 552, 568-69 (S.D.N.Y. 2001) (awarding costs for transcript of pretrial proceeding where court ordered parties to purchase the transcript).

IV. Defendants' Request for Review of the Clerk's Denial of Costs

Defendants seek review of the Clerk's decision to deny them costs for counsel's fees and expenses incurred in attending and taking the deposition of Defendant Jeffries. The fee request was in the amount of $6,840.00, and the attendant expenses were in the amount of $1,119.36.

The Clerk properly denied these costs. There is no provision in 28 U.S.C. § 1920 for the taxation of costs for attending and taking depositions. Moreover, a motion for attorneys' fees under Rule 54(d)(2) of the Federal Rules of Civil Procedure is not directed to the Clerk, as the Clerk may only tax costs under Rule

54(d)(1), and those costs exclude attorneys' fees. Similarly, Local Civil Rule 54.1 provides that "[c]ounsel's fees and expenses in attending the taking of a deposition are not taxable except as provided by statute, rule . . . or order of the court." Since there was no court order authorizing costs for deposition expenses, and Defendants pointed to no statute or rule that authorized the payment of such costs, their assertion that "the Clerk erred in not taxing the Defendants' costs associated with the deposition of C.E.O. Michael Jeffries," (Defs.' Reply at 8), is simply wrong.

In addition, under Rule 54(d), a claim for attorney's fees must be made by motion, within fourteen days of entry of judgment. Judgment was entered in this action on May 11, 2010. Neither the request to tax costs (which was not a motion for attorney's fees), nor the instant motion for review of the Clerk's taxation of costs, was filed within fourteen days of entry of judgment.

To the extent that Defendants now rely on Local Civil Rule 30.1 in support of their request, that reliance is also misplaced. That rule provides that when a deposition is sought to be taken more than 100 miles from the courthouse,

> the court may by order provide that prior to the examination, the applicant pay the expense (including the reasonable counsel fee) of attendance of one attorney for each adversary at the place where the deposition is to be taken. The amounts so paid, unless otherwise directed by the court, shall be a taxable cost in the event that the applicant recovers costs of the action or proceeding.

Local Civil Rule 30.1 of the Southern District of New York.

Here, the applicant for the deposition was Plaintiff, and she was not ordered to pay the expense of Defendants' counsel fees for attendance at the deposition of one of the Defendants, in Cleveland Ohio. In fact, the reason that the deposition was taken in Ohio was for the convenience of Defendant Jeffries, who works in Ohio.

For all of the above reasons, Defendants' motion for partial review of the Clerk's taxation of costs is denied.

### CONCLUSION

For the reasons set forth above, Plaintiff's motion for review of the Clerk's taxation of costs is granted in part and denied in part. And, Defendants' motion for review of the Clerk's taxation of costs is denied. Plaintiff shall therefore pay costs in the amount of $2,222.15, which includes service fees of $75.00 and the cost of the transcript of Plaintiff's deposition, in the amount of $2,147.15.

The parties shall have fourteen (14) days from service of this Opinion and Order to file written objections. See also Fed. R. Civ. P. 6(a). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard M. Berman, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Berman. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140,

155, 106 S. Ct. 466, 475 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

So Ordered.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE


Dated:   September 22, 2010
         New York, New York